# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## PINE BLUFF DIVISION

BILLY RILEY and JOYCE RILEY                                                    PLAINTIFFS

v.                                  NO. 4:05CV00729 JLH

TARGET CORPORATION                                                              DEFENDANT

## ORDER

On the 13th day of April, 2006, the Court conducted a hearing by telephone. Plaintiffs appeared through their attorney, Lamar Porter. Defendant appeared through its attorney, Justin T. Allen.

Defendant's motion in limine (Document #20) is granted in part. Paragraph 1 of defendant's motion in limine is granted. As required by Ark. Code Ann. § 16-55-220, any evidence of damages for the costs of any necessary medical care, treatment, or services received shall include only those costs actually paid by or on behalf of the plaintiffs for which remain unpaid and for which the plaintiffs or any third party shall be legally responsible. Evidence of medical bills in excess of the costs actually paid by or on behalf of the plaintiffs for which remain unpaid and for which the plaintiffs or any third party is legally responsible is excluded.

The fourth paragraph of defendant's motion in limine is granted without objection. Joyce Riley will not be permitted to testify that an employee told her that Target "will take care of it."

The Court will take under advisement paragraphs 2 and 3 of defendant's motion in limine pertaining to Dr. Earl Peeples and will not rule on the issues in those two paragraphs until the plaintiffs have had an opportunity to file a brief.

Plaintiffs also filed a motion in limine. Document #22. That motion is granted in part. The Court will take under advisement paragraphs 1 and 2 of plaintiffs' motion in limine until trial. The Court will need to rule on objections of that nature on a question-by-question basis at trial.

Paragraph 3 of plaintiffs' motion in limine is granted. The portion of medical records predating the fall at Target that allege that Mr. Riley was overusing or had a problem with narcotics medications will be excluded under Fed. R. Evid. 403 because the danger of unfair prejudice substantially outweighs any probative value that the evidence may have. The statements in the medical records that Mr. Riley was changing his story are excluded under Fed. R. Evid. 608(b) because those medical records represent extrinsic evidence of specific instances of the conduct of a witness that is used for the purpose of attacking or supporting the witness's character or truthfulness. This ruling does not prohibit Mr. Allen from inquiring about those statements on cross-examination of Mr. Riley. However, if Mr. Allen intends to inquire on cross-examination about those statements, he must give Mr. Porter notice and an opportunity to object.

IT IS SO ORDERED this 13th day of April, 2006.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE